COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Robert L. HUDNALL et al., Appellees.

Court of Appeals of Kentucky.

July 1, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, Deddo G. Lynn, Wm. O. Gilbreath, Lexington, for appellant.

W. Earl Dean, Harrodsburg, Walter Patrick, Lawrenceburg, for appellees.

MILLIKEN, Judge.

The Department of Highways has appealed an $8,500 judgment for the taking of 7.53 acres in Anderson County for the construction of the Bluegrass Parkway. Both parties had appealed the $6,214 judgment rendered in the County Court for the

taking of the property. The taking divided the farm, leaving 4.26 acres on the north side of Ky. 53 and 38.21 acres on the south side on which there are no improvements and no water. On the land taken were the farm's two ponds and sole water supply, "an everlasting spring," and several acres of alfalfa. The owner had bought the farm in 1959 for $5,000, but since then had constructed a 6-room frame home and cleared an additional 10 acres of bushes. All of the improvements—the house, the barn, the chicken houses—are on the 4.26 acres on the north side of the road.

The Department contends that the judgment is excessive but concedes that it is within the range of the testimony. The maximum before-value set by the Department was $19,500, while that of the landowners was $22,000. The maximum difference between before- and after-values set by the Department was $2,810, while that by the landowners was $9,000. The Department contends that both of the landowners' appraisal witnesses were holders of public office, sheriff and county treasurer, which fact undoubtedly affected their objectiveness in appraising property of their constituents. Suffice it to say, the two officer-witnesses were certainly qualified by vast knowledge of property values in Anderson County and were familiar with the improvements and topography of the subject property. They recited a number of comparable sales which reflected a fair estimation of property values in the community, and they pointed out that the subject property ceased "to be a farming unit after the road goes through." The loss of the water source and the division of the farm made it no longer suitable for dairying or grazing purposes. The Department had full opportunity to cross-examine defense witnesses and did not attempt to impeach them, for it is apparent from the record that these witnesses had detailed knowledge of property values in the community and gave good reasons for their appraisals of the subject property.

The judgment is affirmed.